UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY STUART BEASLEY,<br><br>     Petitioner,<br><br> v.<br><br>RON HAYNES,<br><br>     Respondent. | Case No. 2:22-cv-00258-RAJ-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>May 19, 2023</u> |

  This matter comes before the Court on Petitioner Jeffrey Beasley's petition for writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the legality of his conviction for the crimes of robbery in the first degree, assault in the fourth degree, violations of a court protective order, and witness tampering. Dkt. 11 (Amended Petition for Writ of Habeas Corpus). Petitioner presents two grounds for *habeas* relief: (1) speedy trial violation and (2) structural and procedural error due to the omission of oral instructions to the jury. *Id.* at 5-7. In addition, Petitioner has requested an evidentiary hearing in this matter. Dkt. 12, at 35. For the reasons set forth below, the undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED as time-barred. Also, for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED as well.

  The Washington State Court of Appeals, Division I summarized the facts of the case in its unpublished opinions. Dkt. 14, State Court Record, at 29-33 (State's Exhibit 3, Unpublished Opinion, *State v. Beasley*, Court of Appeals Cause No. 68939-8-I, at 1-4. (Ct. App. Jun, 17, 2013)). *See also* State's Exhibit 4, Unpublished Opinion, *State v. Beasley*, Court of Appeals Cause No. 68939-8-I (Ct. App. Nov. 17, 2014)) (both are

REPORT AND RECOMMENDATION - 1

attached to this Report and Recommendation). The trial facts are not relevant to the issues presented in this habeas corpus case and will not be discussed.

## DISCUSSION

### A. State Court Procedural History

Mr. Beasley was convicted of assault, violation of the court protective orders, and witness tampering in King County Superior Court. Dkt. 14, State Court Record, at 17-31 (State's Exhibit 2, Judgment and Sentence, King County Cause No. 11-1-06093-1). Mr. Beasley appealed his conviction to the Washington Court of Appeals. On June 13, 2013, the Washington Court of Appeals affirmed the convictions. *Id.* at 29-33 (State's Exhibit 3, Unpublished Opinion, *State v. Beasley*, Court of Appeals Cause No. 68939-8-I, at 1-4. (Ct. App. Jun, 17, 2013)). Mr. Beasley did not seek review by the Washington Supreme Court.

On August 28, 2014, Mr. Beasley filed a personal restraint petition ("PRP") in the Washington Court of Appeals. *Id.* at 104-113 (State's Exhibit 8, Personal Restraint Petition, Court of Appeals Cause No. 72579-3-I). The Court dismissed the petition on the merits. *Id.* at 141-146 (State's Exhibit 10, Order of Dismissal, Court of Appeals Cause No. 72579-3-I). Mr. Beasley sought review by the Washington State Supreme Court; the Commissioner denied review. *Id.* at 283-85 (State's Exhibit 13, Ruling Denying Review, Supreme Court Cause No. 90922-9). The Washington Court of Appeals issued a certificate of finality on September 16, 2015. *Id.* at 287 (State's Exhibit 14, Certificate of Finality, Court of Appeals Cause No. 72579-3-I).

Mr. Beasley was separately convicted of robbery; he appealed this conviction to the Washington Court of Appeals on December 13, 2013. *Id.* at 289 (State's Exhibit 15, Brief of Appellant, Court of Appeals, Cause No. 68939-8-I). The Washington Court of

1  Appeals affirmed the judgment and sentence. *Id.* at 289 (State's Exhibit 4, Unpublished
2  Opinion, *State v. Beasley*, Court of Appeals Cause No. 68939-8-I (Ct. App. Nov. 17,
3  2014)). Mr. Beasley sought review by the Washington Supreme Court; the Washington
4  Supreme Court denied review on June 3, 2015.

5       Mr. Beasley then filed a post-conviction motion in the King County Superior Court
6  challenging his robbery convictions in 2020. *Id.* at 415-527 (State's Exhibit 21, CrR 7.8
7  Motion for Relief from Judgment or Order, King County Cause No. 11-1-02269-9). King
8  County Superior Court transferred the petition to the Washington Court of Appeals for
9  consideration as a PRP. *Id.* at 529 (State's Exhibit 22, Order Transferring Motion for
10 Relief from Judgment to Court of Appeals, King County Cause No. 11-1-02269-9). The
11 Washington Court of Appeals dismissed the PRP as untimely and frivolous. *Id.* at 532
12 (State's Exhibit 23, Order of Dismissal, Court of Appeals Cause No. 81626-8-I). Mr.
13 Beasley sought review by the Washington Supreme Court, which was denied. *Id.* at
14 611- 612 (State's Exhibit 25, Ruling Denying Review, Supreme Court Cause No. 99036-
15 1). The Washington Court of Appeals issued a certificate of finality on January 28, 2022.
16 *Id.* at 614 (State's Exhibit 26, Certificate of Finality, Court of Appeals Cause No. 81626-
17 8-1).

18      In September 2021, Mr. Beasley filed another PRP in the Washington Court of
19 Appeals challenging his robbery convictions. *Id.* at 616-630 (State's Exhibit 27, Personal
20 Restraint Petition, Court of Appeals Cause No. 83090-2-I). The Washington Court of
21 Appeals dismissed the petition as untimely and frivolous. *Id.* at 632-634 (State's Exhibit
22 28, Order of Dismissal, Court of Appeals Cause No. 83090-2-I). Mr. Beasley sought
23 review by the Washington Supreme Court, which was denied. *Id.* at 653-54 (State's

1  Exhibit 30, Ruling Denying Review, Supreme Court Cause No. 100318-2). He then
2  moved to modify the ruling denying review. *Id.* at 656-672 (State's Exhibit 31, Motion to
3  Modify, Supreme Court Cause No. 100318-2). The Washington Supreme Court denied
4  the motion to modify. *Id.* at 674 (State's Exhibit 32, Order, Supreme Court Cause No.
5  100318-2). The Washington Court of Appeals issued a certificate of finality on February
6  25, 2022. *Id.* at 676 (State's Exhibit 33, Certificate of Finality, Court of Appeals Cause
7  No. 83090-2-I).
8      Mr. Beasley filed the instant federal habeas petition on March 4, 2022, and
9  amended it on October 18, 2022. Dkts. 1, 11.
10     B.  Time Bar under 28 U.S.C. 2244(d)
11     Respondent, in his answer to Mr. Beasley's federal habeas petition, argues the
12 petition is untimely under 28 U.S.C. § 2244(d)(1) and, as such, should be dismissed.
13 Dkt. 13.
14     There is a one-year time limit to file a Section 2254 federal habeas corpus
15 petition, under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from . . . the
16 date on which the judgment became final by the conclusion of direct review or the
17 expiration of the time for seeking such review."
18     If a petitioner fails to petition the state's highest court for review, the conviction
19 becomes final when the time for seeking such review elapses. *See Wixom v.*
20 *Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal
21 must be filed in the trial court 30 days after the entry of the decision of the trial court.
22 Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court
23 judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. §
24 2244(d)(1)(A).
25

REPORT AND RECOMMENDATION - 4

The federal limitation period may run from a later date under the following circumstances: First, it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review usually concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

With respect to Mr. Beasley's convictions for assault, witness tampering, and violating a court protective order, the Washington Court of Appeals affirmed these convictions on June 17, 2013. Mr. Beasley did not seek review by the Washington State Supreme Court. Thus, the judgment and sentence for these convictions became final on July 17, 2013, and the one-year statute of limitations for filing a federal habeas petition to challenge his convictions started to run on that date and expired on July 17, 2014.

REPORT AND RECOMMENDATION - 5

While bringing a PRP would normally toll the federal statute of limitations while the petition remains pending, in this case, Mr. Beasley filed the PRP *after* the federal statute of limitations had already expired. *Brown v. Curry*, 451 Fed.Appx. 693 (9th Cir. 2011) (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute). Thus, the federal statute of limitations could not be tolled.

Similarly, the federal statute of limitations has expired for Mr. Beasley's robbery convictions. The Washington Court of Appeals affirmed these convictions in 2014. Mr. Beasley sought review from the Washington Supreme Court, but the court denied review on June 3, 2015. Mr. Beasley had ninety days to file a petition for writ of certiorari in the Supreme Court. He did not file the petition by the September 1, 2015 deadline. Thus, the statute of limitations for filing a federal habeas petition started on September 1, 2015, and expired one year later on September 1, 2016. Again, while Mr. Beasley did file a PRP challenging his robbery convictions, he did not do so until May 2020, which was well after the statute of limitation had already expired. *See Pace v. DiGuglielmo,* 544 U.S. 408, 410 (2005) (an untimely state court petition for post-sentence relief does not toll federal statute of limitations because petition did not constitute a "properly filed" petition).

C. Equitable Tolling

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary

circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Mr. Beasley has not made a showing of "extraordinary circumstances" here. He simply states that his petition is timely under 42 U.S.C. § 2244(d)(1)(A), which provides that the one year period of limitation will run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As discussed above, the statute of limitations on all of Mr. Beasley's convictions expired well before he actually filed his federal habeas petition. Mr. Beasley does not otherwise explain any external circumstances that prevented him from filing a timely petition or that he was pursuing his rights diligently.

Therefore, petitioner fails to show that he is entitled to equitable tolling, and the petition is barred by the AEDPA limitations period.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

REPORT AND RECOMMENDATION - 7

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on May 19, 2023 as noted in the caption.

Dated this 28th day of April, 2023.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9